# Zoe Dolan

Attorney At Law
154 Grand Street
New York, New York 10013
www.zoedolan.com
zdolan@gmail.com
(347) 301-5180

May 23, 2012

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*By Mail & Via ECF*

Re:   *United States v. Fatt Wong*
      11 Cr. 372 (NGG)

Dear Judge Garaufis:

      This letter and the accompanying exhibits comprise the sentencing submission on behalf of defendant Fatt Wong in the above-referenced matter. For the reasons that follow, it is submitted that the mandatory minimum of 36 months' incarceration – the applicable advisory Guidelines sentence, as reflected in the parties' plea agreement – is the appropriate sentence in this case.

      *Background.* Mr. Wong is a 50-year old husband and father. He and his wife, Siew Chin Leong, are parents to four children: Jian Xiong Wong (14), Kock Chuan Ng (30), Leng Chu Ng (32) and Leng Ling Ng (34). Presentence Report ("PSR") ¶ 30-31. The eldest three were born to Siew in a previous marriage, and Jian is her son with Mr. Wong. *Id*.

      Born one of eight children, Mr. Wong endured deprivation as a youngster in Malaysia. Circumstances forced him to grow up to appreciate the importance of providing for one's family under such circumstances. When he was a boy, the money that his father, Hong Wong, earned as a farmer was insufficient to support Mr. Wong and his brothers and sisters. PSR ¶ 28. The family sometimes went without food. *Id.* As he

1

writes in his letter to the Court, attached as Exhibit 1, Mr. Wong would find wild vegetables and catch fish for dinner.

Hong died, leaving the family fatherless, when Mr. Wong was 13 years old. PSR ¶ 26. Catapulted into adulthood at this age, young Mr. Wong had to stop attending school and start earning an income to help support his siblings. PSR ¶ 28. At first he worked as a runner in the restaurant industry. PSR ¶ 41; Exhibit 1. Then, at age 15, he found his vocation as a welder. *Id.* He continued his employment in the welding profession for the next 30 years, until diabetes and arthritis disabled him to the point where he could no longer perform the necessary activities. Exhibit 1; PSR ¶¶ 35, 41.

Mr. Wong's work experience as a welder sheds light on his potential as a human being. In pursuit of a better life for his family, he worked as a solderer in Malaysia for two years, and as a welder in Singapore for twelve years and Japan for ten years. PSR ¶ 41. Though he lacked formal education after leaving school as a boy, he learned Japanese and some English, in addition to his native dialect Chiuchow, Chinese and Fukanese. PSR ¶ 38.

Despite the strains of working abroad for extended periods, Mr. Wong has maintained a bond with his wife and son. His devotion as a provider is summed in up a letter to the Court from Siew and Jian, attached as Exhibit 2:

> Mr. Fatt Kwee Wong is the breadwinner for our family[. His] only son [is] still schooling and his wife is a housewife[. H]e is from a close-knit family[. W]e really need him back to support our family financially. He is a very kind and helpful person. [H]e always takes good care [of] the family and [is] willing to offer his kind assistance when someone need[s] help.

It is against this backdrop that Mr. Wong's involvement in the instant case may be understood. Over recent years, diabetes and arthritis in his knees have prevented him from continuing employment in his profession. PSR ¶ 35, 40; Exhibit 1. Unable to provide for his family like he used to, he made the mistake of succumbing to the lure of criminal conduct instead of dealing with the changes in his circumstances appropriately. Now he has experienced the pain of being unable to help his family at all, while his son acts out at school in the absence of his father. See Exhibit 1.

Mr. Wong suffers from health problems, discussed in PSR ¶ 35, at the Metropolitan Detention Center where doctor visits can be rushed and infrequent. As a further lesson in humility, the realities of jail resulted in the discovery of a weapon in Mr. Wong's cell. PSR ¶ 32. There can be no question that the experience of solitary

confinement as punishment for this incident – an anomaly in Mr. Wong's disciplinary history at the facility – served to reinforce the consequences of any future misconduct.

Despite the poor decisions that have led Mr. Wong to sentencing before this Court, his personal history gives reason to believe that he will reintegrate as a productive member of society upon his release. He has an ability to adapt, as exemplified by his international work history and facility to learn new cultures and languages.

These capabilities are complemented by a desire to spend the rest of his life amongst family. As he explained during his presentence interview, once he returns home, Mr. Wong "hopes to rent a small store front and sell meals prepared by his wife." PSR ¶ 40. The sooner such a hope manifests, the better.

*Guidelines Range.* The Guidelines range proposed in the PSR is 15 to 21 months, based on a total offense level of 14, which includes a 2-level enhancement for involvement of a minor under Guideline § 2L1.1(b)(4), and a criminal history category of I. The plea agreement envisions a Guidelines range of 10-16 months, based on a total offense level of 12 within criminal history category I. The parties agree that there is no basis to apply the 2-level enhancement under § 2L1.1(b)(4) that Probation assessed. In any event, the effective advisory Guidelines sentence is the mandatory minimum of three years' incarceration.

*Conclusion.* In light of Mr. Wong's acceptance of responsibility and his personal history and circumstances, the advisory Guidelines sentence of three years is sufficient "to reflect the seriousness of the offense, to promote respect for the law[,]" "to afford adequate deterrence to criminal activity[,]" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)-(C).

The Court's consideration of this submission is appreciated.

Sincerely,

/s/
Zoe Dolan

Cc: AUSA Robert Polemeni